Filed 1/23/14  P. v. Webb CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>BILLY WEBB,<br><br>      Defendant and Appellant. | C073346<br><br>(Super. Ct. No. 04F5836) |

In August 2004, defendant Billy Webb unlawfully possessed Vicodin.  Because the matter was resolved by plea and the appellate record does not include a probation report, this statement of facts is taken from the stipulation of factual basis for the plea.

Defendant pleaded guilty to possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and a count of possession of an opium pipe (Health & Saf. Code, § 11364) was dismissed.  Defendant was granted deferred entry of judgment (DEJ).  (Pen. Code, § 1000; unless otherwise stated, statutory references that follow are

1

to the Penal Code.) He was ordered to reimburse the public defender fund for one hour of billable time. The dollar amount of reimbursement was not specified.

In September 2004, a motion for entry of judgment was filed alleging defendant was no longer suitable for DEJ in that he failed to keep the probation officer advised of his places of residence and employment, including telephone numbers. In November 2004, defendant was removed from DEJ and placed on section 1210.1 probation. Defendant was ordered to pay a $630 fine "that includes appropriate penalty assessments," a $200 restitution fine, a court security fee, and a $152.50 crime laboratory fee "that includes all assessments." Defendant was ordered to reimburse the public defender fund for two hours of billable time; again, the dollar amount was not specified.

In January and March of 2005, petitions were filed alleging that defendant had violated his probation. On March 10, 2005, defendant admitted both petitions. Probation was reinstated and defendant was ordered to reimburse the public defender fund for two hours of billable time.

In April 2005, a petition was filed alleging multiple violations of probation. In September 2005, the prosecutor filed a motion to dismiss the petition due to a demand pursuant to section 1381 and defendant's incarceration on another matter.

In January 2007, a petition was filed alleging probation violations in November 2004 and May 2005. Defendant admitted the allegations of this petition in March 2008. Later that month, the prosecutor dismissed the petition.

On January 28, 2013, defendant filed an ex parte motion for the disposition of fines pursuant to section 1205, subdivision (a). He requested that his outstanding court-imposed fines be converted into days of imprisonment, and that the ensuing prison term run concurrent with his sentence on another matter.

On February 27, 2013, the trial court denied the motion, explaining: "All fines and fees were ordered according to existing law and are proper." Defendant timely appeals from this order.

2

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


       HULL      , J.


We concur:


     NICHOLSON   , Acting P. J.


     HOCH     , J.